THE STATE OF NEW JERSEY, appellant,

*v.*

THE NEW YORK YEARLY MEETING OF FRIENDS, respondent.

[Filed January 18th, 1901.]

The New York Yearly Meeting of Friends is the general governing body of the Society of Friends, and has primary control over the missionary purposes and general benefactions of such minor bodies as act by its authority, and as such the society comes within the exemption from inheritance tax provided by *P. L. of 1898 p. 106*, in favor of bible or tract societies, religious organizations, boards of the church or organizations thereof, "not confined in their operations and benefactions to local or state purposes, but the general good of the people interested therein, of the United States or of foreign lands, as the board of home and foreign missions of various church denominations."

*Mr. Samuel H. Grey,* attorney-general, and *Mr. Frank T. Lloyd,* proctors for the appellant.

*Mr. Howard M. Cooper* and *Mr. Steven W. Collins* (of the New York bar), and *Mr. David J. Pancoast,* proctors for the respondent.

REED, VICE-ORDINARY.

The appellee is a legatee under the will of John G. Lane, who died May 29th, 1899. His will was proved in Camden county. The surrogate of that county assessed, on account of collateral inheritance tax, the bequest in said will made to the New York Yearly Meeting of Friends.

This is the language of the bequest:

"12th. I give and bequeath to New York Yearly Meeting of Friends, orthodox branch, the sum of one hundred thousand dollars ($100,000).

"This principal sum to be invested and the interest or income from it only to be used for educational purposes under the care and supervision of said Religious Society of Friends. I have long desired that New York Yearly Meeting might have an institution of learning more in keeping

with the age in which we live, and am aware that a lack of funds has in some measure thus far proved a barrier. But there should be a renewed earnestness of the membership in this important work; and with the hope that the Lord will bring this to pass and that he will also raise up some especially qualified for such a field of labor. I have made this gift trusting that others may be incited to do likewise; and that under the Lord's guidance blessings may result to future generations."

The appellee insists that the said bequest is exempt from taxation under section 1 of the statute of 1898, chapter 62. The statute reads as follows:

"All gifts, grants, legacies, bequests and devises, whether by will, deed or otherwise, of real or personal property, by residents or citizens of this state, to any bible or tract society, or religious institution, boards of the church or organizations thereof, in trust or otherwise, not confined in their operations and benefactions to local or state purposes, but for the general good of the people interested therein, of the United States or of foreign lands, as the board of home and foreign missions of various church denominations, shall not be taxed under said act, whether said societies, religious institutions or boards aforesaid are organized under the laws of this state, or incorporated and organized under the laws of some other state."

The testimony shows that the legatee is a religious institution. The Society of Friends is distinctly a religious body, and the New York Yearly Meeting of Friends was instituted for the purpose of co-operative action in cultivating and extending its religious work and influences.

The important question is this: Is it confined in its operation and benefactions to local and state purposes, or is it organized for the purpose of the general good of the people interested therein of the United States or foreign lands as the board of home and foreign missions? The New York Yearly Meeting is the general governing body of the Society of Friends, and has primary control over the missionary purposes and general benefactions of such minor bodies as act by its authority. It has a large number of meetings. Funds are set apart for work among the Indians and for the benefit of former slaves in the South. It has a mission in Mexico, a normal school for the training of colored children to be teachers in North Carolina, and schools and missions in Palestine, Japan and China. Its

membership is not confined to the State of New York. It has meetings organized in Vermont, in the Province of Quebec and in Canada. Membership in these meetings is not confined to state lines.

I can see no substantial difference between the methods of these meetings and the methods of the boards of home and foreign missions of the various religious organizations. Its charities and educational work, in the line of its religious purposes, is carried on by the agencies of committees and trustees, just as others are by committees and secretaries. The field covered by its work seems quite as broad and both are unconfined to local or state purposes. While it is conceded that this legatee must come clearly within the words of the act which gives it immunity, I am of the opinion that it is clearly included within the statutory language.

The decree of the orphans court should be affirmed.